**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ROBERT PICKENS,**

    **Plaintiff,**

v.                                                                                                  **3:12-CV-2210-O-BK**

**US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE STRUCTURED
ASSET SECURITIES CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 1998-3,
OCWEN LOAN SERVICING, LLC,
AUCTION PROPERTIES FUND I, LLC
and MACKIE, WOLF, ZIENTZ, & MANN,
BY CARL NIEDORFF, SUBSTITUTE TRUSTEE,**

    **Defendants.**

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers Plaintiff's *First Amended Motion to Remand* (Doc. 15) and Defendants U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-through Certificates Series 1998-3, and Ocwen Loan Servicing, LLC's *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Doc. 5). For the reasons that follow, it is recommended that Plaintiff's *First Amended Motion to Remand* (Doc. 15) be **DENIED** and Defendants' *Motion to Dismiss* (Doc. 5) be **GRANTED**.

**I. PROCEDURAL BACKGROUND**

On March 1, 2012, Plaintiff filed a *pro se* petition in state court against Defendants which, when liberally construed, alleged fraud under the Texas Debt Collection Practices Act ("TDCPA") and sections 392.303 and 392.304 of the Texas Finance Code, and sought to enjoin Defendants' foreclosure of Plaintiff's home. (Doc. 1-4). Subsequently, on June 20, 2012,

Plaintiff filed his *First Amended Petition* which, again as liberally construed, alleges wrongful foreclosure and the use of threats or coercion to collect a debt in violation of the TDCPA, section 392.301(8). Plaintiff also seeks a temporary restraining order and to quiet title – all in connection with the foreclosure sale of his property.[1] (Doc. 1-18).

In essence, Plaintiff disputes Defendant U.S. Bank's authority to collect on the Note because it failed to prove that it was "the proper Holder in Due Course of the Note" when it did not produce certified copies of documents showing that the original Deed of Trust and Note were transferred to it. *Id.* at 4-5. Plaintiff also contends that Defendants wrongfully conducted a foreclosure sale of his property in violation of a temporary restraining order ("TRO") issued by the state court. *Id.* at 5-6. Additionally, Plaintiff claims that Defendants threatened to take an action prohibited by law in violation of TDCPA section 392.301(8), to-wit, foreclosure on Plaintiff's property, without the authority of being the bona fide Holder of the Deed of Trust and Note. *Id*. at 6-7. Plaintiff seeks to quiet title and requests a judgment declaring that he is the sole holder of true title to the property. *Id.* at 7-8. And, in addition to injunctive relief, Plaintiff seeks damages, costs, rescission of the foreclosure and the trustee's sale of the property, and judgment declaring that he is the rightful owner of the property. *Id.* at 8-9.

Defendants U.S. Bank National Association, and Ocwen Loan Servicing, LLC (collectively referred to hereafter as "Defendants") removed the case to this Court based on diversity jurisdiction, alleging that Plaintiff is a citizen and resident of Texas, Defendants are citizens of other states, and all other defendants were improperly joined. (Doc. 1 at 1, 3-9). Subsequently, Defendants moved to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). Plaintiff has moved to remand his case to state court for lack

---

[1] "[A]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

of federal subject matter jurisdiction and contests the motion to dismiss. (Docs. 9, 14). The Court first considers its subject matter jurisdiction over the instant case. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter.").

## II. MOTION TO REMAND

**A.    Parties' Arguments**

In their *Notice of Removal*, Defendants allege that (1) they are citizens of Ohio, Florida and Georgia; (2) Plaintiff is a resident of Texas; and (3) all remaining defendants, Mackie, Wolf, Zientz, & Mann, by Carl Niedorff, Substitute Trustee (collectively, "MWZM") and Auction Properties Fund I, LLC ("APF"), are residents of Texas, but have been improperly joined.[1] (Doc. 1 at 8-9). In particular, Defendants argue that MWZM merely acted as foreclosure counsel and, thus, Defendants' agents with respect to the foreclosure sale of Plaintiff's property. *Id*. at 5. Defendants urge that Plaintiff has not alleged an independent cause of action against MWZM, and therefore, its citizenship should be ignored for the purpose of determining diversity. *Id*. at 5-6. Alternatively, Defendants argue that the citizenship of MWZM should be disregarded since Plaintiff has failed to state a cognizable claim against MWZM. *Id.* Defendants similarly contend Plaintiff fails to state a claim for which relief may be granted against APF and seeks only injunctive relief. *Id*. at 7-8. Finally, because Plaintiff seeks to enjoin the foreclosure of his home which he values in his petition as approximately $138,000.00, Defendants contend the amount in controversy exceeds $75,000.00 and, thus, diversity jurisdiction exists. *Id.* at 11-18.

In his *First Amended Motion to Remand*, as liberally construed, Plaintiff argues (1) that the removal notice was defective because it does not indicate APF's consent; (2) this case does

---

[1] Defendants and Trustee Defendants are all represented by counsel with the firm of Mackie Wolf & Zientz PC. Proper service of process of APF remains disputed by the parties.

not involve a federal question; and (3) this Court lacks subject matter jurisdiction because he has alleged cognizable claims against MWZM and APF, thus, they were not improperly joined. (Doc. 15, *passim*).

**B.     Applicable Law**

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

A plaintiff must move to remand an action within thirty days of removal on the basis of any defect in the removal procedure; however, there is no such limitation for remand for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

*Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). Only the latter ground is at issue in this case.

The removing party carries a heavy burden when asserting improper joinder for failure to establish a cause of action. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The removing party must show that there is no possibility that the plaintiff can state a claim against the non-diverse defendant in state court. *Id.* When determining whether the plaintiff is able to establish a state claim against the non-diverse party, the district court asks whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). To make that determination, "[t]he court may conduct a FED. R. CIV. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted).

Under Rule 12(b)(6), a plaintiff fails to state a cause of action when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th

Cir. 2000) (quotation omitted).  Simply put, the standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Id.*

**C.     Jurisdictional Analysis**

As a preliminary matter, because Plaintiff's initial motion for remand was filed more than thirty days after the case was removed, Plaintiff has waived all non-jurisdictional defects, including his claimed failure by Defendants to obtain APF's consent to removal.  *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (failure to obtain the consent of all the defendants for removal is not a jurisdictional defect and is thus waivable).  Moreover, Defendant did not remove this case on the ground of federal question, as Plaintiff suggests, but on diversity of the parties.  Thus, the fact that Plaintiff has not alleged a federal cause of action is of no moment.  Accordingly, the Court only considers Plaintiff's argument that the Court lacks subject matter jurisdiction because the non-diverse parties, MWZM and APF, were properly joined.

   *1.     MWZM*

Defendants urge that MWZM should be dismissed from this suit as an unnecessary party under section 51.007 of the Texas Property Code.  (Doc. 13 at 5).  Plaintiff's complaint presents allegations against MWZM that are solely in its capacity as "Substitute Trustee."  *See* Doc. 1-18 at 2, 5-7 (referring to "Mackie, Wolf, Zientz & Mann by Carl Niendorff, Substitute Trustee" collectively as "Substitute Trustee," and making allegations only against "Defendant Substitute Trustee" and "the Substitute Trustee").  On June 28, 2012, MWZM filed a verified answer in state court under section 51.007 of the Texas Property Code, alleging that it "is not a necessary

6

party to this cause of action by reason of its reasonable belief that it was named as a party solely in its capacity as trustee under the Deed of Trust." (Doc. 1-20).

Normally, under section 51.007, a plaintiff would have thirty days after the filing of the verified answer to respond, or risk the Substitute Trustee's dismissal from this suit. However, MWZM's verified answer does not specify, as required under subsection (a) of that statute, "the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as trustee under a deed of trust." TEX. PROP. CODE ANN. § 51.007(a); *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 707 (N.D. Tex. 2011) (Lynn, J.) (holding a substitute trustee's verified denial that failed to state the basis of the trustee's reasonable belief was not proper and did not warrant the trustee's dismissal under section 51.007). Therefore, the provisions of section 51.007 do not apply here and MWZM cannot be dismissed as a party to this action on that basis.

The Court next considers whether Plaintiff has sufficiently alleged a cause of action against MWZM as the Substitute Trustee for wrongful foreclosure, violations of the TDCPA, and action to quiet title, thus warranting MWZM's inclusion in this case and defeating diversity jurisdiction. For the reasons discussed in detail in Subsection III, *supra*, Plaintiff has failed to state a viable claim against either of the named defendants, including MWZM. Thus, MWZM's citizenship should be disregarded for jurisdictional purposes.

*2.     APF*

Plaintiff brings a quiet title action to enjoin APF from asserting title to the property and seeks a temporary restraining order to restrain APF from asserting any right to the property. (Doc. 1-18 at 7). Plaintiff fails to state a viable claim to quiet title against APF, however. Similar to Plaintiff's claim against the other as defendants, as discussed in detail *supra*,

Plaintiff's quiet title claim against APF fails because he does not provide any support for his own title against APF. Rather, Plaintiff focuses solely on the purported weakness of APF's claim of title. Furthermore, because Plaintiff fails to state a claim against APF, he is also not entitled the injunctive relief requested. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (holding the availability of injunctive relief depends upon the existence of a judicially-remediable right).

### 3.    *Defendants U.S. Bank, N.A. and Ocwen L.L.C.*

As to the remaining defendants, the Court finds that U.S. Bank, N.A. is a citizen of Ohio, where its main office is located. 28 U.S.C. § 1348 (statute governing the determination of the citizenship of a national banking association); *see, e.g., Lowdermilk v. United States Bank Nat'l Assoc.,* 479 F.3d 994, 997 (9th Cir. 2007) (stating that U.S. Bank, N.A. is a citizen of Ohio, which is where its main office is located). The Court further finds that Defendant Ocwen, a limited liability company, has citizenship of its members in Florida and Georgia. *Arena v. Graybar Elec. Co.,* 669 F.3d 214, 224 (5th Cir. 2012) (holding the citizenship of a limited liability company is determined by its members). Because Plaintiff is a citizen of Texas, complete diversity of citizenship exists between these parties. (*See* Doc. 1-3 at 2) (noting Plaintiff's Texas home address).

### 4.    *Amount in Controversy*

In addition, the amount in controversy exceeds $75,000.00. First, it is facially apparent from Plaintiff's complaint that he is seeking damages in excess of $75,000.00, and he states that he has suffered the loss of equity in his home of at least $75,000.00. (Doc. 1-18 at 5-6). Additionally, he is seeking punitive damages, attorneys' fees, and interest. *Id.* at 8-10. As a result, this Court finds that removal of this case was proper as the Court has subject matter jurisdiction over all claims.

Therefore, Plaintiff's *First Amended Motion to Remand to State Court* (Doc. 15) should be **DENIED**. Moreover, the Court should entertain a motion to dismiss MWZM and APF as defendants, should such motion be filed. *See Cantor v. Wachovia Mortgage, FSB*, 641 F.Supp.2d 602, 612-13  (N.D. Tex. 2009) (Lynn, J) (finding removal proper because there was no possibility of recovery against defendant substitute trustee, disregarding that defendant for purposes of subject matter jurisdiction, and noting that court would entertain a motion to dismiss if the defendant filed one).

### III. MOTION TO DISMISS

#### A.     *Wrongful Foreclosure*

Plaintiff alleges, *inter alia*, that because Defendants, including MWZM, had actual knowledge of an existing TRO prohibiting the foreclosure sale and sold the property anyway, the foreclosure wrongful. *Id.* at 5. Plaintiff contends that he:

> sought and received a Temporary Restraining Order to halt the sale of the home.... The TRO was signed by [the state judge] on March 1, 2012. In order to give actual notice of the TRO preventing the sale of the property, Plaintiff posted the TRO on the Courthouse bulletin board, engaged the county sheriff to serve the TRO on the substitute Trustee. Furthermore, on information and belief, Trustee and law firm received electronic notice of the TRO and lawsuit by one or more means.... On March 6, 2012 in violation of the TRO, of which he had notice, the substitute trustee sold the property at auction to APF for $80,000.

(Doc. 1-18 at 4-5). Plaintiff further alleges that the wrongful foreclosure he alleges against Defendants and MWZM resulted in APF's purchase of the property for $80,000.00. (Doc. 1-18 at 6). Moreover, Plaintiff contends that he initially received verbal confirmation of a loan modification that would prevent a foreclosure from taking place, but subsequently was told that the modification process would not be completed before the foreclosure date. *Id.* at 4.

Defendants argue that Plaintiff's wrongful foreclosure claim fails because (1) Plaintiff has not pled facts which, taken as true, establish that Defendants and MWZM were properly

served with a TRO prohibiting the foreclosure sale; (2) Plaintiff's wrongful foreclosure claim is insufficiently pled because Plaintiff allegedly lacks standing and has not provided sufficient supporting factual allegations; and (3) Plaintiff cannot rely on verbal statements of a loan modification. (Doc. 6 at 4-9).

Under Texas law, the elements of wrongful foreclosure are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008); *see also In re Keener*, 268 B.R. at 921 (collecting cases). Assuming, *arguendo,* that there was adequate notice of a valid TRO prohibiting foreclosure, violation of the TRO cannot be the basis of Plaintiff's wrongful foreclosure claim.[2] A foreclosure sale in contravention of a TRO is not a defect in the foreclosure proceeding itself, and consequently, cannot give rise to a wrongful foreclosure cause of action. *See In re Keener*, 268 B.R. 912, 922 (Bankr. N.D. Tex. 2001). "[T]he whole purpose and operation of the wrongful foreclosure action concerns the foreclosure sale *itself*, its manner, its fairness, its competitiveness, and its result." *Id.* at 922 (emphasis added)).

Similarly, Plaintiff fails to allege a causal connection between any alleged defect in the foreclosure sale and a grossly inadequate price. By stating the house was appraised at $138,000 and was sold for $80,000, Plaintiff alleges that the sale price was fifty-eight percent of the appraisal value of the house. *See FDIC v. Blanton*, 918 F.2d 524, 531-32 (5th Cir. 1990) (noting that in Texas, cases finding gross inadequacy typically involve a selling price below sixty percent of the property's value); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp.2d 800, 813 (N.D. Tex. 2012) (McBryde, J) (same). However, by failing to allege a defect in the foreclosure

---

[2] Plaintiff has not asserted a factual basis for concluding the TRO was properly served on MWZM. A review of the record suggests otherwise. *See* Doc. 1-10 at 2 (showing the sheriff's return of the TRO, stating Defendants did not accept service at the attempted address).

sale proceedings that actually <u>caused</u> the grossly inadequate sale price, Plaintiff cannot sustain a wrongful foreclosure claim. *See Sauceda*, 268 S.W.3d at 139. At most, Plaintiff has alleged that a grossly inadequate sale price resulted from, rather than was caused by any defect in the foreclosure proceedings.

Further, to the extent that Plaintiff's claims against Defendants and MWZM are premised on a "show-me-the-note" theory, those claims also fail. The so-called show-me-the-note theory "supposes ... 'that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure.'" *Puig v. Citibank, N.A.*, 2012 WL 1835721, *5 (N.D. Tex. 2012) (Lindsay, J.) (quoting *Wells v. BAC Home Loans Servicing, L.P.,* 2011 WL 2163987, *2-3 (W.D. Tex. 2011)) (rejecting the plaintiffs' "show me the note" theory under which the homeowners facing foreclosure sought to require the foreclosing entity to produce the original note and collecting cases). "Courts in this and neighboring districts have 'roundly rejected this theory . . . because foreclosure statutes simply do not require possession or production of the original note.'" *Id.* at *2 (quoting *Wells*, 2011 WL 2163987, at *2).

Lastly, Plaintiff's allegations that he received an oral verification of a loan modification fail to state a viable claim because an agreement to modify an existing loan or to postpone foreclosure is subject to the statute of frauds (as codified in TEX. BUS. & COMM. CODE § 26.02) and, thus, must be in writing. *See Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012) (stating any oral agreement reached with bank to alter plaintiff's obligations under the original loan was a material alteration of the underlying contract and thus subject to the statute of frauds); *Krudop v. Bridge City State Bank*, 2006 WL 3627078, at *4 (Tex. App.—Beaumont 2006) (holding an agreement to forego or delay foreclosure is a loan agreement subject to the provisions of section TEX. BUS. & COMM. CODE § 26.02(a)(2)).

For the foregoing reasons, Plaintiff's claim for wrongful foreclosure should be dismissed.

### B. Texas Finance Code § 392.301(a)(8) (TDPCA)

Plaintiff alleges that Defendants and MWZM violated Texas Finance Code § 392.301(a)(8) by threatening to take an action prohibited by law, to-wit, foreclosing on Plaintiff's property without being bona fide Holder of the Note and in violation of an existing TRO. (Doc. 1-18 at 6). The underlying theme of Plaintiff's complaint is that Defendants lacked authority to collect on the Note and have not shown that they are the proper "Holder in Due Course" or the "Holder of the Note." (Doc. 1-18 at 5-6). Plaintiff additionally claims he "requested that Defendant U.S. Bank produce . . . documents showing all the transfers and assignments of the Original Deed of Trust and the Original Note," and "the Original Note." *Id.* at 4. Defendants argue that they are not required to prove their authority to foreclose, and Plaintiff lacks standing to challenge the Note's assignment to U.S. Bank. (Doc. 6 at 4-9.

The TDCPA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). A "debt collector" is one "who directly or indirectly engages in debt collection," including creditors collecting their own debts. TEX. FIN. CODE § 392.001(6); *Monroe v. Frank*, 936 S.W.2d 654, 659-60 (Tex. App.–Dallas 1996). A consumer, defined as "an individual who has a consumer debt," has standing to bring suit under the Act. TEX. FIN. CODE § 392.001(1). This Court has held that "foreclosure actions inevitably involve a debt collection aspect" that is actionable under the TDCPA. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 732 (N.D. Tex. February 10, 2011) (Fitzwater, J.).

Specifically, section 392.301(a)(8) prohibits debt collectors from "threatening to take an action prohibited by law." However, a debt collector is not prevented from "threatening to

institute civil lawsuits or other judicial proceedings to collect a consumer debt" or from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b).

For Plaintiff to survive the Rule 12(b)(6) motion, he must have pled factual allegations, which, if proven true, establish that Defendant U.S. Bank was prohibited by law from foreclosing. However, Plaintiff has merely pled conclusory allegations speculating that Defendant U.S. Bank is not the Holder of the Note, and has wholly failed to support these allegations with factual specificity. *Collins,* 224 F.3d at 498.

In his *First Amended Petition*, Plaintiff acknowledges having an outstanding balance of $52,003.06, as listed on the date of the notice of acceleration. (Doc. 1-18 at 4). Under these circumstances, the threat of foreclosure cannot be considered an "action prohibited by law." *See, e.g., Stevens v. Wells Fargo Bank, N.A.*, 4:12-CV-594-A, 2012 WL 5951087, at *4 (N.D. Tex. Nov. 27, 2012) (McBryde, J.) (stating "Plaintiffs provide no factual allegations that defendants have threatened to take any action prohibited by law, as plaintiffs have admittedly defaulted on their loan obligations, and 'foreclosure is not an action prohibited by law.'" (citations omitted)). Furthermore, to the extent Plaintiff contends that Defendants did not have the authority to foreclose, that allegation fails for the reasons previously stated.

Thus, Plaintiff has failed to state a claim under the TDPCA and his claim should be dismissed.

### C. Quiet Title

Plaintiff seeks to quiet title to the property and additionally asks the Court to declare that title to the property is solely vested in him. (Doc. 1-18 at 7). Defendants argue that this claim

fails because Plaintiff also bases his claim on the conclusory allegation that Defendant U.S. Bank is not the Holder of the Note. (Doc. 6 at 10).

The principal issue in a suit to quiet title is the existence of a cloud that a remedy in equity will remove. *See Bell v. Ott,* 606 S.W.2d 942, 952 (Tex. Civ. App.–Waco 1980). To prevail on a suit to quiet title, a plaintiff must show that: (1) he has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App. – Texarkana 1991). In a quiet title action, the plaintiff must recover on the strength of his own title, not on the weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001). In the instant case, Plaintiff's claim fails because he does not provide any support for his own title against Defendants and MWZM. Rather, Plaintiff focuses solely on the purported weakness of Defendants' and MWZM's claim of title. *Id.*

Recently, this Court dismissed a similar quiet title action. *See Olaoye v. Wells Fargo Bank, N.A.,* 2012 WL 1082307, at *3 (N.D. Tex. 2012) (Means, J.) (finding that the complaint contained no facts indicating that the plaintiff had superior title to the property and dismissing the plaintiff's suit to quiet title where the plaintiff made only a conclusory statement that he was the legal and equitable owner of the property, he acknowledged that the property was sold at a foreclosure sale, and his theory as to why the foreclosure sale should be voided was meritless). As this case is closely analogous, the result here should be the same. Plaintiff has failed to state a claim for quiet title, thus, his claim should be dismissed.

### D. *Injunctive and Declaratory Relief*

Plaintiff seeks a temporary restraining order to prohibit Defendants, MWZM, and APF from selling or taking possession of the property, or otherwise disturbing Plaintiff's possession of the property. (Doc. 1-18 at 7). Plaintiff also seeks declaratory relief in relation to his quiet title claim. *Id.* In order to receive injunctive relief, Plaintiff must show "(1) irreparable injury[,] (2) substantial likelihood of success on the merits, (3) a favorable balance of hardships, and (4) no adverse effect on the public interest." *Black Fire Fighters Assoc. of Dallas. v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). Injunctive relief is an extraordinary remedy that "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted). Similarly, availability of a declaratory judgment depends upon the existence of a judicially remediable right. *Schilling,* 363 U.S. at 677.

While Plaintiff has demonstrated the potential for irreparable and imminent injury of losing his home, he has failed to plead claims on which there is a substantial likelihood of success on the merits or the existence of a judicially remediable right. Thus, Plaintiff's claims for declaratory relief should likewise be dismissed.

### E. *Leave to Amend*

Ordinarily, Plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."). Here, however, Plaintiff has already filed an amended petition. Moreover, Plaintiff's only allegation of defect in the proceedings is the foreclosure sale in contravention of the TRO. As previously addressed in detail herein, the fact that the foreclosure sale was concluded despite the TRO is legally

inadequate to support a wrongful foreclosure claim. Furthermore, each of Plaintiff's other claims rest solely on a meritless "show-me-the-note" theory. Thus, the Court concludes that Plaintiff has already pleaded his best case. Under the circumstances of this case, granting leave to amend would be futile and cause needless delay. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's *Amended Motion to Remand* (Doc. 15) should be **DENIED** and Defendants' *Motion to Dismiss* (Doc. 5) should be **GRANTED**. It is further recommended that this case be **DISMISSED WITH PREJUDICE** against Defendants U.S. Bank National Association and Ocwen Loan Servicing, LLC.

**SIGNED** January 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE